IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY KAY INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-0776-G |
| | § | |
| AMY L. WEBER, ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

In a joint status report filed on December 22, 2008, plaintiff asks the court to compel defendants to identify the names and contact information for certain third-party witnesses revealed during a recent mediation session and to produce emails, correspondence, and statements between defendants and those witnesses. Defendants counter that the information requested by plaintiff is protected from disclosure under the Texas ADR statute and constitutes attorney work product. The issues have been fully briefed by the parties and this matter is ripe for determination.

The applicability of the Texas ADR statute is a "red herring" in this case. By its terms, the Texas ADR statute protects "communication[s] relating to the subject matter of any civil or criminal dispute made by a participant in an alternative dispute resolution procedure[.]" TEX. CIV. PRAC. & REM. CODE ANN. § 154.073(a). Plaintiff is not seeking to use *communications* revealed during mediation against defendants. Rather, plaintiff only wants defendants to disclose the names, addresses, and telephone numbers of certain third-party witnesses, together with a brief description of the discoverable information known by each such witness--an obligation imposed under Rule 26(a)(1)(A). That defendants used direct quotations from some of those witnesses in a PowerPoint

presentation at mediation does not excuse defendants from complying with their Rule 26(a)(1)(A) obligations. Nor does the fact that the names of those witnesses may be buried somewhere in 819 pages of documents identified by defendants in their initial disclosures.[1] "The obvious purpose of the disclosure requirement of Rule 26(a)(1)(A) is to give the opposing party information as to the identification and location of persons knowledgeable so that they can be contacted in connection with the litigation[.]" *Biltrite Corp. v. World Road Markings, Inc.*, 202 F.R.D. 359, 362 (D. Mass. 2001). To that end:

> [The parties] are expected to disclose the identity of those persons who may be used by them as witnesses or who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the other parties. Indicating briefly the general topics on which such persons have information should not be burdensome, and will assist other parties in deciding which depositions will actually be needed.

*Lipari v. U.S. Bancorp, N.A.*, No. 07-2146-CM-DJW, 2008 WL 2874373 at *2 (D. Kan. Jul. 22, 2008), *quoting* Fed. R. Civ. P. 26(a), adv. comm. note (1993); *see also City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003) (disclosures function "to assist the parties in focusing and prioritizing their organization of discovery"). Requiring plaintiff to ferret out the names and addresses of potential witnesses listed in hundreds of pages of documents does not further the purpose of Rule 26(a)(1)(A). Accordingly, defendants must supplement their initial disclosures to provide the names and, if known, the addresses and telephone numbers of each individual likely to have discoverable information, along with the subjects of that information, that defendants may use to support their claims or defenses. *See* FED. R. CIV. P. 26(a)(1)(A)(i). Although defendants need not limit their supplementation to the third-party witnesses revealed during

---

[1] In their Rule 26(a)(1)(A) initial disclosures, defendants specifically identify 12 persons likely to have discoverable information, and generally refer to "[a]ll persons identified in document bates labeled TOP 0001-0081 and 0135-0873." (*See* Jt. Stat. Rep. App., Exh. C).

mediation, a position advocated by plaintiff, the supplementation must include at least those witnesses.

Plaintiff also seeks an order requiring defendants to produce any emails, correspondence, and statements between defendants and the third-party witnesses. To the extent such documents exist and are responsive to Request Nos. 3, 6, 17 & 20, they must be produced, subject to the protective order previously entered in this case. Any objections to these document requests based on work product are waived by defendants' failure to assert the objection in a timely manner. Because defendants timely objected to Request No. 31 on the grounds of work product, that objection remains pending. However, for each document responsive to Request No. 31 that has been withheld from production on the grounds of work product, defendants must provide plaintiff with a privilege log containing the following information:

1. the date of each document;

2. the type and length of each document;

3. the author and recipient of each document;

4. the general subject matter of each document;

5. the privilege, immunity, or exemption asserted for each document; and

6. an explanation as to why the privilege, immunity, or exemption is applicable with enough specificity to allow plaintiff to determine whether to object to the privilege, immunity, or exemption asserted.

See *PYR Energy Corp. v. Samson Resources Co.*, No. 1:05-CV-530, 2007 WL 446025 at *1 (E.D. Tex. Feb. 7, 2007).

Defendants shall comply with this order by **January 16, 2009.**

SO ORDERED.

DATED: December 29, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE