UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY KAY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:08-CV-0776-G |
| AMY L. WEBER, ET AL., | ) | |
| | ) | **ECF** |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants Amy L. Weber, Scott J. Weber, and Touch of Pink Cosmetics (collectively, "the defendants" or "the Webers") for continuance. For the reasons discussed below, the motion is denied.

I. BACKGROUND

The defendants assert that on February 5, 2009, Amy and Scott Weber were served with a Statement of Claim filed in the Ontario Superior Court in the case of Mary Kay, Inc. and Mary Kay Cosmetics, Limited v. Touch of Pink Cosmetics, Amy L Weber and Scott J. Weber, Court File NO. CV-09-371573 ("the Canadian case"). Defendants' Emergency Motion for Continuance Based on Plaintiff's Filing of

Identical Claims on Identical Facts Against Defendants in Ontario, Canada Superior Court of Justice ("Motion") at 1. The Statement of Claim informed the Webers that they have forty days to file a "statement of defence." *Id.* The plaintiffs in the Canadian case assert claims of trademark infringement, tortious interference, and unjust enrichment -- the same claims asserted in the case currently pending before this court.

The defendants argue that the plaintiffs in the Canadian case can obtain all the relief they seek -- namely, shutting down the Webers' websites and obtaining all the profits the defendants have made by using the Mary Kay, Inc. trademark -- from this court. The Canadian case, they argue, therefore exists only "to intimidate the Webers and increase their cost of defense in an effort to 'win' by making it too expensive for the Webers to protect their business." *Id.* at 4. The defendants therefore seek a six month continuance to allow them the time they need to defend both the Canadian case, and this one.

## II. ANALYSIS

The court is not persuaded that the defendants will need any additional time, let alone six months, to adequately defend the Canadian lawsuit, as well as this one. The defendants currently have forty days in which to file an answer with the Canadian court. However, the plaintiff, Mary Kay, Inc. ("Mary Kay"), asserts that it will agree to an extension of the answer deadline "to ensure Defendants have

adequate time to file an answer without interfering with their trial preparation." Mary Kay's Response to Defendants' Emergency Motion for Continuance ("Response") at 3. Moreover, the defendants admit that this case "has been fully discovered, briefed, and now is less than a month from trial." Motion at 5. In addition, the parties have already exchanged witness and exhibit lists. Response at 2.

In short, the parties are on track to proceed to trial in March. The defendants have not demonstrated that the Canadian case will require so much of their time as to make continuing on that track impractical or unduly difficult. Especially if the plaintiff will, as it states, agree to an extension of the answer deadline, the Canadian case should have only a minimal impact, if any, on the defendants' ability to prepare for trial.

## II. CONCLUSION

For the reasons discussed above, the defendants' motion for continuance is **DENIED**.

**SO ORDERED**.

February 13, 2009.

_____
**A. JOE FISH**
**Senior United States District Judge**