## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **MARY KAY INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil Action No. 3:08-CV-00776-G** |
| | § | |
| **AMY L. WEBER, SCOTT J. WEBER,** | § | **ECF** |
| **and TOUCH OF PINK COSMETICS,** | § | |
| | § | |
| **Defendants.** | § | |

---

## MARY KAY INC.'S MOTION IN LIMINE

---

Plaintiff Mary Kay Inc. ("Mary Kay") hereby submits its Motion in Limine in accordance with the Court's Amended Order Establishing Schedule and Certain Pretrial Requirements dated September 16, 2008.

### <u>REQUESTED RELIEF</u>

Mary Kay respectfully moves the Court to instruct all parties and their counsel, and all witnesses called by any party or any party's counsel, not to testify about, introduce exhibits about, elicit from any person or otherwise mention, refer to, ask questions about, comment upon or in any manner attempt to convey to the jury or prospective jury, either directly or indirectly, any fact or matter that involves or relates to any of the items set forth below, without first approaching the bench and obtaining a ruling of the Court, outside the hearing and presence of all jurors or prospective jurors, regarding admissibility of the following:

## MOTION IN LIMINE

**1.     Any reference or testimony related to the existence of third-parties who sell products manufactured by Mary Kay on eBay or on any other Internet website.**

This is a case about whether Touch of Pink infringes on Mary Kay's trademarks. Third party Internet sales have no relevance in this trial. This Court should exclude any evidence related to the existence of third-parties who sell Mary Kay products on the Internet or eBay pursuant to Rules 402 and 403 of the Federal Rules of Evidence. The issue for trial is whether Touch of Pink's use of Mary Kay's name and trademarks creates confusion. The fact that a third-party may also infringe Mary Kay's trademarks is not relevant to any of the claims or defenses in this lawsuit. Defendants have not, for example, challenged the validity of the trademarks by alleging that Mary Kay abandoned them; nor have they alleged that Mary Kay's trademarks are generic. *See, e.g.*, Defs.' Original Answer to Pl.'s Original Compl. at 9 (listing affirmative defenses). Evidence related to the existence of other third-party infringers is not relevant and should therefore be excluded.

Moreover, evidence related to other Internet sales of Mary Kay products will delay the trial, confuse and mislead the jury and result in unfair prejudice to Mary Kay. Jurors may believe, when presented with such evidence, that Mary Kay does not police or enforce its trademarks, or conclude that Mary Kay "unfairly" chose to sue Defendants instead of one or more of the other third-parties currently selling Mary Kay products on the Internet. This is not accurate and would require Mary Kay to detail all of its efforts to protect its trademarks on the Internet. Mary Kay should not be required to prove how it counters each and every Internet infringement. Presentation of such evidence would unnecessarily delay this trial and waste the Court's time and resources on collateral issues. Accordingly, Mary Kay respectfully requests that this Court exclude any reference or testimony related to the existence of third-parties who sell Mary Kay products on eBay or any other Internet website.

GRANTED: _____     DENIED: _____     AGREED: _____

**2.     Any reference or testimony relating to complaints received by Mary Kay regarding the quality or freshness of its products.**

Customer complaints received by Mary Kay have no relevance and will only delay the trial and confuse the jury.  This Court should exclude any reference or testimony related to complaints received by Mary Kay regarding the quality of its products pursuant to Rules 402, 403, and 802 of the Federal Rules of Evidence.  Defendants hope to present the jury with emails received by Mary Kay from consumers regarding a wide range of quality issues related to Mary Kay's products.  *See, e.g.*, Defs.' Trial Exhs. 190-202, 409-480.  None of Defendants' customer complaint evidence, however, is relevant to any of the claims or defenses in this case, and *all* of it is hearsay.

*First*, the Court should exclude this evidence because it is both irrelevant and highly prejudicial.  The only relevant quality issue is the quality of the products sold *by Defendants*, not by Mary Kay.  Sales of trademarked products without authorization constitutes trademark infringement if those products are not "genuine."  *See Martin's Herend Imps.*, 112 F.3d at 1303 (noting that the first sale doctrine only applies to the sale of "identical, genuine goods"); McCarthy on Trademarks and Unfair Competition § 25:46 (stating "a dealer cannot avoid infringement if it sells genuine, but defective or out-of-style merchandise under the original mark without so indicating"); *see also Warner-Lambert Co. v. Northside Dev. Corp.*, 86 F.3d 3, 7-8 (2d Cir. 1996) (enjoining distributor of Halls cough drops from selling products older than their freshness date).

Defendants purport to resell only "genuine" Mary Kay products.  Here, the evidence proves that the majority of the products sold by Touch of Pink are not in fact "genuine" Mary Kay products, but instead are old, expired, or discontinued products no longer suitable for consumption.  Hearsay evidence regarding the quality and freshness of the products originally sold by Mary Kay, however, offers no probative evidence regarding the quality and freshness of the products sold *by Defendants*.  Defendants only want to introduce evidence regarding product complaints received by Mary Kay to distract the jury from the

fact that Touch of Pink sells expired product. In fact, Touch of Pink admits that 75% of the products it sells are expired, resulting in numerous bitter complaining customers. The Court should reject Defendants' attempt to confuse the jury with this evidence and exclude it pursuant to Rules 402 and 403 of the Federal Rules of Evidence.

*Second*, all of this evidence is inadmissible hearsay and barred by Rule 802. Defendants have not proved that Mary Kay keeps any of these emails as business records; nor have they proved that these emails fall within any exception to the hearsay rule. Accordingly, this Court should exclude any evidence related to complaints received by Mary Kay regarding the quality or freshness of its products.

GRANTED: _____     DENIED: _____     AGREED: _____

**3.     Any reference or testimony relating to the purported hearsay reasons provided by current or former IBCs for their sale of products originally manufactured by Mary Kay to Defendants.**

Hearsay is inadmissible. Mary Kay anticipates Touch of Pink will seek to relay various stories solicited from IBCs to explain the reasons that they breached the IBC Agreement. Specifically, Defendants hope to offer evidence that large numbers of current and former IBCs sold their unwanted or excess inventory. *See, e.g.,* Defs.' Trial Exhs. 491-92. This Court should exclude any evidence relating to the purported reasons provided by any current or former IBC for his or her sale of Mary Kay products to Defendants.

The Court should exclude all of this evidence as inadmissible hearsay. F.R.E. 802. Defendants have not designated any IBC trial witnesses who can explain the *actual* reasons that he or she sold products to Defendants in breach of his or her IBC Agreement. Instead, Defendants hope to provide the jury with anecdotal evidence based on their out of court communications with various current and former IBCs. Similarly, Defendants hope to offer into evidence various emails sent by IBCs that purport to explain the reasons behind their decision to sell Mary Kay products to Defendants in violation of their IBC Agreements. Rule 802 bars all of this evidence and it should therefore be excluded.

GRANTED: _____     DENIED: _____     AGREED: _____

**4.    Any reference or testimony relating to any action or inaction taken by Mary Kay against IBCs who sold or bought Mary Kay products from Defendants.**

This Court should exclude any reference or testimony relating to any action or inaction taken by Mary Kay against IBCs who violated their IBC Agreements by buying or selling products to Defendants. This evidence is both irrelevant and highly prejudicial. The fact that Mary Kay may or may not have sued, or otherwise sanctioned, its IBCs for violating the terms of their IBC Agreements is not relevant to any of the claims or defenses in this action. Moreover, presentation of such evidence would also waste the Court's time and resources on collateral issues unrelated to the present dispute. Accordingly, the Court should exclude testimony related to these issues from evidence.

GRANTED: _____     DENIED: _____     AGREED: _____

**5.    Any reference or testimony relating to the Canadian Lawsuit.**

This Court should exclude any reference to the lawsuit filed by Mary Kay Cosmetics Ltd. ("Mary Kay Canada") in Ontario, Canada (the "Canadian Lawsuit") pursuant to Rules 402 and 403 of the Federal Rules of Evidence. On February 3, 2009, Mary Kay Canada filed a Statement of Claim to enforce certain trademarks that are separately registered and only enforceable in Canada under the Canadian Trade-marks Act. Mary Kay Canada also alleged claims for tortious interference with contract based on Defendants' interference with contracts executed by Mary Kay Canada and its Canadian IBCs. The existence of the Canadian Lawsuit is not relevant to any of the claims or defenses in this case. Moreover, evidence related to the Canadian Lawsuit is likely to confuse the jury and result in unfair prejudice to Mary Kay. Accordingly, this Court should exclude any evidence related to the Canadian Lawsuit.

GRANTED: _____     DENIED: _____     AGREED: _____

Dated:  February 23, 2009

Respectfully submitted,

John T. Cox III
Texas Bar No. 24003722
tcox@lynnllp.com
Jeffrey M. Tillotson, P.C.
Texas Bar No. 20039200
jmt@lynnllp.com
Christopher J. Schwegmann
Texas Bar No. 24036724
cschwegmann@lynnllp.com
**LYNN TILLOTSON PINKER & COX, LLP**
750 N. St. Paul Street, Suite 1400
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

**ATTORNEYS FOR MARY KAY INC.**

## CERTIFICATE OF CONFERENCE

Counsel for Mary Kay has conferred with counsel for Defendants regarding the items raised in this Motion in Limine.  Agreement could not be reached; therefore these issues are being presented to the Court for determination.

Christopher J. Schwegmann

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served by ECF on this 23rd day of February, 2009:

    Elizann Carroll, Esq.
    RICHARD LAW GROUP, INC.
    8411 Preston Road, Suite 890
    Dallas, Texas  75225

    Christopher J. Schwegmann