**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

MARY KAY, INC.,

        Plaintiff,

v.

AMY L. WEBER, SCOTT J. WEBER,
and TOUCH OF PINK COSMETICS,

        Defendants.

                                      /

CASE NO.: 3-08-CV-776-G
ECF

## **DEFENDANTS' MOTION IN LIMINE**

Defendants Amy Weber, Scott Weber and Touch of Pink Cosmetics (collectively the "Webers" or "Defendants") file this Motion in Limine and request that this Court enter an order against Plaintiff Mary Kay, Inc. ("Mary Kay" or "Plaintiff") prior to the *voir dire* examination of the jury panel, stating that counsel for Plaintiff and all witnesses called by or on behalf of Plaintiff be instructed to refrain from any mention of, or interrogation on, directly or indirectly, in any manner whatsoever, upon *voir dire*, statement of the case, interrogation of witnesses, offering of documentary evidence, arguments, objections before the jury and in any other manner inform the jury or bring to the jury's attention any of the matters set forth herein, unless and until such matters have first been called to the Court's attention, outside the presence and hearing of all prospective jurors and jurors ultimately selected in this cause and a favorable ruling received as to the admissibility and relevance of such matters.

In support of this Motion, Defendants would show the court the following:

**I.**

The matters set out herein would not be admissible in evidence for any purpose and have no bearing on the issues or rights of the parties in this case.

**II.**

Permitting interrogation of witnesses, comments to jurors, or offers of evidence concerning any of the matters set forth herein would prejudice the jury and sustain the objections to such questions, statements, or evidence introduced by counsel, or witnesses, would not prevent prejudice, but would reinforce the development of questionable evidence.

**III.**

The matters to which Defendants request such an Order are as follows:

1. Any allegation, claim, argument or attempt to submit evidence purported customer complaints received by Defendants without first establishing that such statements are admissible as non-hearsay or under an exception to the hearsay rule. Fed. R. Evid. 802. Further, Plaintiff should be barred from stating, suggesting or alleging that Defendants' products are not genuine or are materially different from the Mary Kay products distributed to consumers based on such these purported complaints. It is unsupported, irrelevant and to allow it to be presented would create unfair prejudice and mislead the jury. Fed. R. Evid. 402, 403.

2. Any allegation, claim, argument or attempt to submit evidence that Defendants' products are not genuine or are materially different from the Mary Kay products distributed to consumers by Mary Kay IBCs without first presenting admissible, non-hearsay evidence of the actual condition of Mary Kay products distributed to consumers by Mary Kay's independent sales force. The condition of the product in Mary Kay's warehouse or at the time it is sold to Mary Kay IBCs is not determinative of the issue of the condition of the product as sold by IBCs to consumers. Such

evidence is irrelevant and to allow it to be presented would create unfair prejudice and mislead the jury. Fed. R. Evid. 402, 403.

3. Any assertion, claim, argument, attempt to submit or present evidence suggesting that Defendants' purchase of products from Mary Kay IBCs, current or former, is an attempt or is actual tortious interference with Mary Kay's existing or prospective contractual relationship between Mary Kay and current, former, or prospective Mary Kay IBCs based on the Court's ruling on Defendants' Motion for Summary Judgment. Fed. R. Evid. 402, 403. It is also irrelevant because Mary Kay only asserts a claim for tortious interference with the contracts of <u>current</u> IBCs. Mary Kay has no legal basis for the assertion that there is an existing contractual relationship between Mary Kay and individuals whose contractual relationship with Mary Kay has been terminated with which Defendants could interfere. The information to be excluded also includes a former consultant's intent to comply with the terms of his/her IBC agreement at the time it was in place or after it was terminated. Such information is irrelevant to the claims and defenses in the lawsuit and is simply an attempt to confuse the jury and suggest that Defendants' purchases from former consultants are relevant to this lawsuit. Finally, the information includes any assertion, claim, argument or attempt to present evidence that Defendants tortiously interfere with existing contractual relations by selling to current Mary Kay IBCs. Such an allegation is not within the scope of the Complaint and is, thus, irrelevant. Fed. R. Evid. 402, 403.

4. Any assertion or suggestion that Defendants' use of Mary Kay's trademarks on their websites, in keyword advertising or to sell Mary Kay products on the internet without

Mary Kay's permission or authorization constitutes trademark infringement <u>regardless</u> of likelihood of confusion. This is an inaccurate recitation of the law of this circuit, which requires a finding of likelihood of confusion in the use of the marks. 15 USC §1114; *Pebble Beach Co. v. Tour 18, Ltd.,* 155 F.3d 526 (5th Cir. 1998).

5. Any allegation, claim or attempt to present evidence of actual confusion without first establishing that such evidence is admissible as non-hearsay or under an exception to the hearsay rule. In their Response to Defendants' Motion for Summary Judgment, Plaintiff cited unsworn statements in third party emails and claimed it was admissible as a Mary Kay business record. Since the statements are not "made" by Mary Kay, they cannot be admissible under the business record exception. Fed. R. Evid. 802. Such evidence is irrelevant and to allow it to be presented would create unfair prejudice and mislead the jury. Fed. R. Evid. 402, 403.

6. Any allegation, claim or attempt to present evidence of harm or potential harm to IBCs due to Touch of Pink without first establishing that such evidence is admissible as non-hearsay or under an exception to the hearsay rule. In their Response to Defendants' Motion for Summary Judgment, Plaintiff cited unsworn statements in third party emails and claimed they were admissible as a Mary Kay business record. Since the statements are not "made" by Mary Kay, they cannot be admissible under the business record exception. Fed. R. Evid. 802. Such evidence is irrelevant and to allow it to be presented would create unfair prejudice and mislead the jury. Fed. R. Evid. 402, 403.

7. Any suggestion, statement or attempt to solicit testimony that Defendants destroyed evidence or that the jury should presume Defendants destroyed documents harmful to their defense. Plaintiff has been aware since August 2008 that some email was mistakenly deleted in the first month after suit was filed. Mary Kay did not seek a ruling on this mistaken failure to retain some email and have a full hearing as permitted by the Rules.

Further, the evidence shows the deletion was not in bad faith. In response to an expedited request for production, served in June, Defendants produced over 680 emails from May and June, 2008. In August, Amy Weber testified that she did not understand the need to suspend their regular email retention policy and that she believed some emails were deleted as the computer system slowed down due to the quantity of email. Defendants were not able to retrieve those emails. However, as it turned out, several employees had no deleted email so in supplementing production and producing documents requested for the first time in a second request served in August, email from as early as June was still in existence and was produced. Mary Kay apparently does not challenge Mrs. Weber's explanation of good faith, as it did not seek sanctions.

To allow such irrelevant evidence is unduly prejudicial and is solicited only for the purpose of trying to prejudice the jury against Defendants. Further, this is an irrelevant issue that is of no consequence to Mary Kay's claims. Mrs. Weber has been deposed twice. The employees who use the computers have been deposed, as has Mr. Weber. Defendants have produced tens of thousands of emails, financial records, purchase and sale documents, and similar documents dating back to 2005.

    Finally, Mary Kay should not be permitted to suggest or state to the jury that Defendants destroyed documents and/or that a presumption exists that it destroyed harmful documents, as such a ruling is within the sole discretion of this Court. In particular, the presumption is a serious sanction only available after full briefing, hearing and ruling by the Court. Fed. R. Civ. P. 37; *Coane v. Ferrara Pan Candy Co.* 898 F.2d 1030 (5th Cir. 1990)(party's bad conduct must prejudice opposing party); *Vick v. Texas Employment Commission,* 514 F.2d 734,737 (5th Cir. 1975)("the circumstances of the act must manifest bad faith. Mere negligence is not enough, for it does not sustain an inference of consciousness of a weak case.") *quoting* MCCORMICK, Evidence §273 at 660-661 (1972).

8. Any evidence of alleged actual or potential harm to IBCs without first establishing the admissibility of such evidence is within the personal knowledge of the declarant or as an exception to the hearsay rule. Moreover, Mary Kay should be forbidden from claiming it has suffered monetary harm due to Defendants' actions because it has failed to timely disclose any such actual damages in their Rule 26(a)(1) Disclosures or in Response to Interrogatories. Further, Mary Kay should be forbidden to state that the jury should <u>assume</u> actual harm to IBCs or to Mary Kay solely based on the existence of Defendants' business or the fact that Defendants sell certain products at a discount.

9. Any evidence presented by Kent Van Liere, including his survey and report, without the Court determining which portions are admissible, pursuant to the Court's ruling on Defendants' motion to exclude. Additionally, even if Van Liere is permitted to testify, Mary Kay should be forbidden from claiming the survey is evidence of

"actual" confusion. Survey evidence is circumstantial evidence of a likelihood of confusion based on an environment created by the purported expert. The feedback may be used to determine whether a real consumer under the same circumstance as an actual consumer is likely to be confused but is not evidence of <u>actual</u> consumer confusion.

10. Any reference to scientific studies on the effects of or harm caused by the use of old or expired product because Mary Kay has not designated an expert on this matter and statements by a lay witness are improper under Federal Rule of Evidence 701.

11. Any reference, testimony or statements by Mary Kay's witnesses as to any alleged harm caused by Defendants to Mary Kay's goodwill, brand or image because such opinion testimony is outside the scope of permissible opinion testimony of lay witnesses. Fed. R. Evid. 701. These witnesses do not have personal knowledge of Defendants' products and operations and thus are not qualified and have no foundation upon which to testify about Defendants. Fed. R. Evid. 802. For example, in his deposition, lay witness Lance Margheim opined that the existence of Touch of Pink effected Mary Kay's "brand image." Margheim has no personal knowledge of Touch of Pink, no training in marketing, is not a designated opinion expert and his opinion as a loyal Mary Kay employee is irrelevant. (Margheim Depo 219:4-220:14). Fed. R. Evid. 402, 403, 901.

12. Any reference or testimony by David Leathers, Plaintiff Mary Kay's damage expert, regarding his opinion on the Mary Kay brand and/or Mary Kay goodwill alleged harm to the brand or goodwill caused by Touch of Pink, actual confusion allegedly caused by the Touch of Pink websites, or non-monetary harm to Mary Kay. Leathers

was designated to testify about "the amount and nature of Mary Kay's economic damages." [Plaintiff's Expert Disclosures p.1]. Mr. Leathers acknowledged his scope of work was to provide "expert testimony on Touch of Pink's sales that Mary Kay may be entitled to be awarded if they prove liability in the trademark and unfair competition claims" brought in this case. [Leathers Depo 11:10-17; *see also* 17:3-6]. Moreover, Leather acknowledged in his deposition that he had not done any of his own brand loyalty research. Thus, all other topics, including non-economic damages, are beyond the scope of his expert designation.

13. Further, Mr. Leathers should not be permitted to testify as to appropriate or allowable categories of costs or deductions that the jury may apply against sales under the Lanham Act. Such information is a legal matter for the Court to decide and instruct the jury, as appropriate.

14. Any claim or suggestion that pink is Mary Kay's trademark or that Defendants are infringing Mary Kay's intellectual property rights by using the word "pink" in their name or having the color pink on their website. Mary Kay has not made any claims related to any alleged trademark rights as to the color pink or the word "pink".

15. Any reference to the outcome or findings in any prior cases, including but not limited to the *Mary Kay, Inc. v. Graham* (cited in Mary Kay's response to Defendants' motion for summary judgment) because this would confuse the jury and suggest that they should be guided by the findings of the state court of appeals ruling in a factually different case rather that the facts and rulings in this case. Further, any reference to the *Graham* case is irrelevant based on the Court's ruling on Defendants' motion for summary judgment.

WHEREFORE, PREMISES CONSIDERED, Amy L. Weber, Scott J. Weber and Touch of Pink Cosmetics respectfully request that this Court grant this Motion and instruct Plaintiff, as well as witnesses and counsel for Plaintiff not to bring such matters to the attention of the jury without first obtaining permission from the Court.

Respectfully submitted,

　　/s/　Elizann Carroll　　　　　　
Molly Buck Richard
molly@richardlawgroup.com
Texas Bar No. 16842800
Elizann Carroll
Elizann@richardlawgroup.com
Texas Bar No. 00787209
RICHARD LAW GROUP, INC.
8411 Preston Road, Suite 890
Dallas, TX 75225
(214) 206-4300 (phone)
(214) 206-4330 (fax)

*Counsel for Defendants*

## CERTIFICATE OF CONFERENCE

This is to certify that the undersigned conferred with counsel for Mary Kay about the merits of this Motion. After the parties in good faith, Plaintiff's counsel advised that Plaintiff did not agree to the relief sought in this Motion. Accordingly, Defendants' submit this Motion to the Court for consideration.

　　/s/　Elizann Carroll

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2009, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for Mary Kay, Inc. who are authorized to receive electronically Notices of Electronic Filing:

*Counsel for Plaintiff Mary Kay, Inc.:*
John T. Cox III
Christopher J. Schewgmann
LYNN TILLOTSON PINKER & COX, LLP
750 N. St. Paul Street, Suite 1400
Dallas, Texas 75201

                  ____/s/ Elizann Carroll_____