UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARY KAY INC.,

        Plaintiff,

v.

AMY L. WEBER, SCOTT J. WEBER,
and TOUCH OF PINK COSMETICS,

        Defendants.

CIVIL ACTION NO. 3-08-CV-776-G
ECF

_____/

## DEFENDANTS' TRIAL BRIEF ON RELIEF UNDER 15 U.S.C. §1117(a)

**PLAINTIFF IS NOT ENTITLED TO AN ACCOUNTING OF PROFITS**

Among the relief sought by Plaintiff is an accounting of profits under 15 U.S.C. §1117(a). [*See* Complaint at p. 26 (paragraph 11(b)).] Such an award is not automatic, even if there is a finding by the jury of liability. *Champion Spark Plug v. Sanders*, 331 U.S. 125, 131, 67 S.Ct. 1136, 1139 (1947); *see also Mannatech, Inc. v. GlycoProducts International, Inc.*, 2008 WL 2704425 (N.D.Tex, 2008), *citing American Rice Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 338 (5th Cir., 2008). Even if Plaintiff prevails, before awarding Plaintiff Touch of Pink's profits, several factors must be considered. *Quick Technologies, Inc. v. Sage Group, PLC*, 313 F.3d. 338, 349 (5th Cir. 2002) *cert denied* 540 US 814, 124 S. Ct 66 (2003). The court in *Quick Technologies* found that the factors first articulated in *Pebble Beach Co. v. Tour 18 I, Ltd.*, 155 F.3d. 526 (5th Cr. 1998), should be considered first by the jury. *Quick Technologies*, 313 F.3d. at 349.

In *Pebble Beach*, the district court denied the plaintiffs' request for an accounting of profits. The plaintiffs appealed, claiming an abuse of discretion. The Fifth Circuit stated that in

considering whether to award an accounting of profits, while no one factor was required to be present, there are several relevant factors that should be considered. Those factors are:

    (1)    whether the defendant had the intent to deceive;

    (2)    whether sales have been diverted;

    (3)    the adequacy of other remedies;

    (4)    any unreasonable delay by the plaintiff in asserting its rights;

    (5)    the public interest in making the conduct unprofitable; and

    (6)    whether it is a case of palming off.

*Pebble Beach*, 155 F.3d at 554. In that case, the Fifth Circuit found that the factors, particularly the lack of actual damages and intent to confuse or deceive, meant injunctive relief was sufficient. *Id.* at 555.

The Fifth Circuit's rationale was based in part on the reasoning of the United States Supreme Court in *Champion Spark Plug*. In that case, the Supreme Court considered whether an accounting of profits was appropriate based upon a finding of unfair competition and trademark infringement against a seller of reconditioned Champion spark plugs. The lower court denied an accounting of profits. The Supreme Court agreed that an accounting was not warranted because there was no showing of fraud or palming off. *Champion Spark Plugs*, 331 U.S. at 131, 67 S. Ct. at 1140.

The Fifth Circuit more recently addressed the appropriateness of an accounting of profits in *Quick Technologies*, 313 F.3d. at 349. In *Quick Technologies*, the Court reviewed the district court's jury instruction that predicated an award of profits solely on a finding of willfulness. *Id.* at 347, fns 6-7. The Court declined to adopt the bright line rule and reaffirmed its factor-based

approach articulated in *Pebble Beach* and followed in *Seatrax, Inc. v. Sonbeck International, Inc.*, 200 F.3d. 358, 369 (5th Cir. 2000) (rejecting an accounting where showing of unjust enrichment and diversion was "speculative at best," the jury's finding of no willfulness, the case did not involve palming off and an injunction would provide a sufficient deterrent). Ultimately, however, the court found that despite the error in the jury charge, the principles of equity inherent in §1117 did not weigh in favor of an accounting, so it did not remand the case. *Quick Technologies*, 313 F.3d. at 350.

The *Quick Technologies* Court indicated that the jury was to consider the relevant factors, *Id.* at 349, but does not discuss the propriety of the jury considering factor three – the adequacy of other remedies -- and we have not found a case that focuses on this issue. Regardless of whether the jury is asked to consider this factor, the Court before entry of a judgment, if any, for Mary Kay must consider whether the equitable considerations of §1117(a) are effectively served by an injunction, thus making an accounting of Defendants' profits inappropriate.

**IF AN ACCOUNTING IS GRANTED, THEN WHAT AMOUNT IS CONSIDERED**

If an accounting of profits is deemed appropriate, §1117(a) provides that the trademark owner, Mary Kay, need only provide evidence of Defendants' sales. Defendants' bear the burden to "prove all elements of cost or deduction" from sales. As is made clear by the case law, to the extent profits are awarded, they must be limited to those profits derived from the unlawful use of the mark. *Pebble Beach*, 155 F.3d. at 554. Thus, the question is what deductions from sales are appropriate.

McCarthy on Trademarks lists overhead, most operating expenses and taxes as candidates for deductions, but there is no definitive listing of deductible expenses and costs. Rather, the

defendant must show that the cost and expenses are related to the sales the plaintiff is seeking to recover. In *Rolex Watch USA, Inc. v. Meece*, 158 F.3d. 816, 824-825 (5th Cir.1998), Rolex presented evidence that Meece's new watch sales were $1,813,748; his used watch sales were $26,475; and his non-genuine bracelet with genuine Rolex clasp sales were $5,940. Meece, in turn, testified that he made less than 1% on new watches and 20-25% on accessories. Meece did not introduce any documentary evidence into the record. Rolex sought the entire sales amount of $1,846,163, claiming Meece failed to provide sufficient evidence of deductions. The Fifth Circuit rejected that argument. Based on Meece's testimony of overhead, taxes and profit margin, Meece's profits were found to be $81,882.83[1] *Id.* at 825-826.

In the case before the Court, Defendants have produced evidence of their sales of Mary Kay products and related business expenses in the form of tax returns, including the Profit and Loss Statement (Schedule C) from their tax return for the years 2005-2007. They have also produced accounting records maintained on their computer for the years 2006-2008.[2] All of Defendants' business for 2005-2007 was the sale of Mary Kay products. In 2008, Touch of Pink began to offer some non-Mary Kay products sales, but these sales only constituted approximately 13% of Defendants' sales. Thus, all overhead and operating expenses, including wages, building lease costs, shipping, advertising, etc., are proper deductible expenses from sales.

---

[1] 1% profit on $1,581,908 for new watches and 25% profit on $264,255 on used watches, and accessories, etc.
[2] The 2005 detailed records were no longer accessible when suit was filed in May 2008. The computer that contained those records is no longer functional.

**AN AWARD OF ATTORNEY'S FEES IS NOT APPROPRIATE BECAUSE THE CASE IS NOT EXCEPTIONAL**

In a Lanham Act case, the court may award attorney's fees to the prevailing party only in "exceptional cases." *See,* 15 U.S.C. §1117(a). The party seeking fees must demonstrate the exceptional nature of the case by clear and convincing evidence. *Pebble Beach*, 155 F.3d. at 555. This case does not qualify as exceptional. Exceptional has been defined as one in which the defendants' actions can be characterized as "malicious, fraudulent, deliberate or willful" and it requires "a high degree of culpability." *Rolex Watch*, 158 F.3d. at 824, *quoting Martin Herand Imports, Inc. v. Diamond & Gem Trading USA Co.*, 112 F.3d. 1296, 1305 (5th Cr. 1997). A case is not "exceptional" simply because an accounting of profits may be awarded. The *Rolex* court did <u>not</u> award attorney's fees, despite awarding an accounting of profits. The *Pebble Beach* court found it relevant that there was a lack of damages in deciding that the case was <u>not</u> exceptional. The court is to look at the defendants' intent, and "normally should not find a case exceptional where a party presents what it in good faith believes may be a legitimate defense." *Pebble Beach*, 155 F.3d. at 556. It is significant to note that in *Pebble Beach* the Fifth Circuit upheld the district court's denial of attorney's fees based on lack of the requisite intent for reasons including "there was no lack of good faith (as evidenced by Tour 18's use of disclaimers, though inadequate), and there were available legitimate uses of Plaintiff's marks to identify the Plaintiff's products." *Id.*

Defendants do not believe they have any liability in this case. But, even if there is a finding of infringement or unfair competition, this case does not rise to the level of an exceptional case. In particular, the Webers reasonably believed their sale of Mary Kay products on the internet was permissible after Mr. Weber's discussion in January 2006 with the Mary Kay

legal department and subsequent corrective actions later to comply with Mary Kay's letter. Mary Kay acknowledges Defendants' compliance with the letter. Additionally, Defendants' website and eBay store contain express disclaimers, as well as statements intended to inform consumers of the nature of Defendants' business, including statements such as "we are former consultants who liquidated our inventory and are now helping others…", "although they are not new from the warehouse, they are products from former consultants" and "most of our products are discontinued, which is why we can offer such great prices." Finally, based on numerous cases confirming a re-sellers right to re-sell a trademarked product, even one subject to a closed distribution system[3], as well as the right to use a trademark to describe the trademark owner's goods or services[4], the Webers have a good faith defense that evidences the lack of maliciousness and willfulness for this case to be exceptional.

In conclusion, Defendants contend that based on the facts of this case, Plaintiff is not entitled to an accounting of Defendants' profits or an award of attorney's fees for the reasons set forth above.

---

[3] *See, e.g. Farouk Systems, Inc. v. Target*, 2006 WL 2583449, 81 USPQ 2d1151 (S.D. Tex 2006), *aff'd* 2008 WL 181130, 86 USPQ 2d1221 (5th Cir. 2008) and *John Paul Mitchell Systems v. Randalls Food Markets, Inc.*, 17 S.W.3d 721 (Tex.App-Austin 2000) (*pet. denied*)

[4] *New Kids on The Block v. News American Publishing, Inc.*, 971 F.2d 302 (9th Cr. 1992); *Pebble Beach*, 155 F.3d at 545-546

Respectfully submitted,

   /s/ Elizann Carroll
Molly Buck Richard
molly@richardlawgroup.com
Texas Bar No. 16842800
Elizann Carroll
Elizann@richardlawgroup.com
Texas Bar No. 00787209
RICHARD LAW GROUP, INC.
8411 Preston Road, Suite 890
Dallas, TX 75225
(214) 206-4300 (phone)
(214) 206-4330 (fax)

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2009, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for Mary Kay, Inc. who are authorized to receive electronically Notices of Electronic Filing:

*Counsel for Plaintiff Mary Kay, Inc.:*
John T. Cox III
Christopher J. Schewgmann
LYNN TILLOTSON PINKER & COX, LLP
750 N. St. Paul Street, Suite 1400
Dallas, Texas 75201

   /s/ Elizann Carroll