UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARY KAY, INC.,

           Plaintiff,

v.

AMY L. WEBER, SCOTT J. WEBER,
and TOUCH OF PINK COSMETICS,

           Defendants.

           CASE NO.: 3-08-CV-776-G
           ECF

## **DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND QUESTIONS**

Defendants, Amy L. Weber, Scott J. Weber and Touch of Pink Cosmetics ("Defendants") request that this Court give its Proposed Jury Instructions and Questions. Defendants reserve the right to object to the Proposed Jury Instructions and Questions of Plaintiff by submission of same following the close of evidence at trial and prior to the presentation to the jurors and charge of the Court.

           Respectfully submitted,

           ___/s/ Elizann Carroll_____
           Molly Buck Richard
           molly@richardlawgroup.com
           Texas Bar No. 16842800
           Elizann Carroll
           Elizann@richardlawgroup.com
           Texas Bar No. 00787209
           RICHARD LAW GROUP, INC.
           8411 Preston Road, Suite 890
           Dallas, TX  75225
           (214) 206-4300 (phone)
           (214) 206-4330 (fax)

           *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2009, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for Mary Kay, Inc. who are authorized to receive electronically Notices of Electronic Filing:

*Counsel for Plaintiff Mary Kay, Inc.:*
John T. Cox III
Christopher J. Schewgmann
LYNN TILLOTSON PINKER & COX, LLP
750 N. St. Paul Street, Suite 1400
Dallas, Texas 75201

                ____/s/ Elizann Carroll_____

## PROPOSED QUESTION NO. 1
Unfair Competition

Mary Kay claims Defendants have unfairly competed with them by using the Mary Kay trademarks in connection with the sale of products on eBay and at www.touchofpinkcosmetics.com to confuse the consuming public that the Defendants are sponsored by or affiliated with Mary Kay. Any person who, on or in connection with any goods or services, uses in commerce any word, term, name or symbol, or any false description or origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection or association of such person with another person, or as to the origin, sponsorship or approval of the goods, services or commercial activities by another person is liable for unfair competition.

A party's use of a trademark is not unlawful if the trademark is used to truthfully identify another's goods or services in order to describe or compare its products to the trademark holder's product and provided that that (1) the product in question is not readily identifiable without the use of the trademark; (2) the defendants use only so much of the mark as is reasonably necessary to identify the products offered; and (3) the defendants did nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder.

The law does not prohibit the sale of genuine goods, even if the sale is without the trademark owner's consent, so long as those goods are not materially different from the trademark owner's goods.

Do you find by a preponderance of the evidence that Defendants are liable to Mary Kay for unfair competition by the sale of products:

(a)   On eBay?

Answer "Yes" or "No":   _____

(b)   At www.touchofpinkcosmetics.com?

Answer "Yes" or "No":   _____

_____

Source: 15 U.S.C. §1125(a); *New Kids on the Block v. News American Publishing, Inc.*, 971 F.2d 302, 307-308 (9th Cir. 1992); *Pebble Beach Co. v. Tour 18 I, Ltd.*, 155 F.3d 526, 545-546 (5th Cir. 1998); *Pebble Beach Co. v. Tour 18 I, Ltd.*, 942 F.Supp. 1513, 1554 (S.D.Tex.1996), *aff'd as modified*, 155 F.3d 526 (5th Cir.1998); *Martin's Herend Imports, Inc. v. Diamond Gem Trading USA, Company,* 112 F.3d 1296, 1302-1303 (5th Cir. 1997); *Matrix Essentials, Inc. v. Emporium Drug Mart, Inc. of Lafayette,* 988 F.2d 587, 590 (5th Cir. 1993)

_____

Given          _____

Modified       _____

Refused        _____

Withdrawn      _____

_____
JUDGE PRESIDING

## **PROPOSED QUESTION NO. 2**
Unfair Competition – Passing Off

Mary Kay claims Defendants are liable for passing off their goods as Mary Kay's goods on eBay and at www.touchofpinkcosmetics.com. Passing off may be found only where the defendant subjectively and knowingly intended to confuse buyers. Mere awareness of the plaintiff's mark does not amount to passing off.

A party's use of a trademark is not passing off if the trademark is used to truthfully identify another's goods or services in order to describe or compare its products to the trademark holder's product and provided that that (1) the product in question is not readily identifiable without the use of the trademark; (2) the defendants use only so much of the mark as is reasonably necessary to identify the products offered; and (3) the defendants did nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder.

The law does not prohibit the sale of genuine goods, even if the sale is without the trademark owner's consent, so long as those goods are not materially different from the trademark owner's goods.

Do you find by a preponderance of the evidence that Defendants are liable to Mary Kay for passing off:

(a)   On eBay?

Answer "Yes" or "No":   _____

(c)   At www.touchofpinkcosmetics.com?

Answer "Yes" or "No":   _____

_____

Source: *Gintel, Inc. v. Koslow's, Inc.*, 355 F. Supp. 236, 239 (N.D. Tex. 1973); *King-Size, Inc. v. Frank's King Size Clothes, Inc.*, 546 F. Supp. 1138, 1163 (S.D. Tex. 1982); *Conan Properties, Inc. v. Conan's Pizza, Inc.*, 752 52d 145, 150 (5th Cir. 1985); *New Kids on the Block v. News American Publishing, Inc.*, 971 F.2d 302, 307-308 (9th Cir. 1992); *Pebble Beach Co. v. Tour 18 I, Ltd.*, 155 F.3d 526, 545-546 (5th Cir. 1998); *Pebble Beach Co. v. Tour 18 I, Ltd.*, 942 F.Supp. 1513, 1554 (S.D.Tex.1996), *aff'd as modified*, 155 F.3d 526 (5th Cir.1998); *Martin's Herend Imports, Inc. v. Diamond Gem Trading USA, Company*, 112 F.3d 1296, 1302-1303 (5th Cir. 1997); *Matrix Essentials, Inc. v. Emporium Drug Mart, Inc. of Lafayette,* 988 F.2d 587, 590 (5th Cir. 1993)

_____

Given        _____

Modified     _____

Refused      _____

Withdrawn    _____

 

                                                                                                                    _____
                                                                                                                     JUDGE PRESIDING

## **PROPOSED QUESTION NO. 3**
Federal Trademark Infringement

Mary Kay claims Defendants infringed Mary Kay's trademarks through the sale of products on eBay and at www.touchofpinkcosmetics.com. The term "trademark" includes any word, name, symbol or device or any combination thereof, adopted and used by a manufacturer or merchant to identify his goods and to distinguish them from those manufactured or sold by others.  The function of a trademark is to designate goods as a product of a particular manufacturer or merchant and to protect his goodwill against the sale of another's product as his.

The elements of a cause of action for federal trademark infringement in violation of the Lanham Act, § 1114(1)(a) are as follows:

A person or entity:

1. uses in commerce;

2. without the trademark registrant's consent;

3. any reproduction, copy or colorable imitation of a registered trademark;

4. in connection with the sale, offering for sale, distribution, or advertising of any goods or services;

5. where such use is likely to cause confusion, or to cause mistake, or to deceive.

"The touchstone of infringement is whether the use creates a likelihood of confusion as to the 'source, affiliation or sponsorship'…" of the goods or services.  Likelihood of confusion is synonymous with a probability of confusion, which is more than a mere possibility of confusion.

A party's use of a trademark is not trademark infringement if the trademark is used to truthfully identify another's goods or services in order to describe or compare its products to the trademark holder's product and provided that that (1) the product in question is not readily identifiable without the use of the trademark; (2) the defendants use only so much of the mark as is reasonably necessary to identify the products offered; and (3) the defendants did nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder.

The law does not prohibit the sale of genuine goods, even if the sale is without the trademark owner's consent, so long as those goods are not materially different from the trademark owner's goods.

Do you find by a preponderance of the evidence that Defendants are liable to Mary Kay for trademark infringement?

    (a)    On eBay?

Answer "Yes" or "No":    _____

    (d)    At [www.touchofpinkcosmetics.com](www.touchofpinkcosmetics.com)?

Answer "Yes" or "No":    _____

_____

Source: 15 U.S.C. §1125(1); FEDERAL JURY PRACTICE & INSTRUCTIONS, CIVIL §98.01 (West 1987); 15 U.S.C. 1114(1)(a); *Boston Prof'l Hockey Ass'n v. Dallas Cap and Emblem Mfg.*, 510 F.2d 1004, 1009 (5th Cir. 1975); *New Kids on the Block v. News American Publishing, Inc.*, 971 F.2d 302, 307-308 (9th Cir. 1992); *Pebble Beach Co. v. Tour 18 I, Ltd.*, 155 F.3d 526, 545-546 (5th Cir. 1998); *Pebble Beach Co. v. Tour 18 I, Ltd.*, 942 F.Supp. 1513, 1554 (S.D.Tex.1996), *aff'd as modified*, 155 F.3d 526 (5th Cir.1998); *Martin's Herend Imports, Inc. v. Diamond Gem Trading USA, Company,* 112 F.3d 1296, 1302-1303 (5th Cir. 1997); *Matrix Essentials, Inc. v.  Emporium Drug Mart, Inc. of Lafayette,* 988 F.2d 587, 590 (5th Cir. 1993)

_____


Given    _____

Modified    _____

Refused    _____

Withdrawn    _____


                                                  _____
                                                        JUDGE PRESIDING

# PROPOSED QUESTION NO. 4
Laches

If you answered "yes" to any one of (a) or (b) in Questions 1, 2 or 3, answer this question. Otherwise, do not answer this question.

Defendants have pled the defense of laches. To prove laches, Defendants must show that (1) Mary Kay delayed in asserting their rights; (2) the delay was unexcused; and (3) Touch of Pink was unduly prejudiced by the delay.

Do you find from a preponderance of the evidence that Mary Kay's claims are barred by laches?

Answer "yes" or "no": _____

_____

Source: *Westchester Media v. PRL USA Holdings, Inc.,* 214 F3d. 658, 668 (5th Cir. 2000)

_____

Given        _____

Modified     _____

Refused      _____

Withdrawn    _____

_____
JUDGE PRESIDING

# PROPOSED QUESTION NO. 5
Willfulness

If you answered "yes" to any one of (a) or (b) in Questions 1, 2, or 3 and also answered "no" to Question No. 4, answer this question. Otherwise, do not answer this question.

You must determine if the actions of the Defendants were done willfully. "Willfully" means to do an act voluntarily and intentionally and with the specific intent to cause the likelihood of consumer confusion.

Do you find from a preponderance of the evidence that Defendants' actions were done willfully?

Answer "yes" or "no": _____

_____

Source: *Quick Technologies, Inc. v. The Sage Group, PLC,* 313 F.3d 338, 347 (5th Cir. 2002), *cert. denied,* 540 U.S. 814, 124 S. Ct. 66, 157 L.Ed.2d 29 (2003)

_____

Given          _____

Modified       _____

Refused        _____

Withdrawn      _____

                                          _____
                                          JUDGE PRESIDING

# PROPOSED QUESTION NO. 6
Damages – Accounting of Profits

If you answered "yes" to any one of (a) or (b) in Questions 1, 2, or 3 and also answered "no" to Question No. 4, answer this question. Otherwise, do not answer this question.

If you find that Defendants are liable for unfair competition, passing off and/or trademark infringement, then you should consider whether or not to award to Plaintiff the Defendants' profits derived from such conduct. A finding of liability does not require that you grant an award of profits. Even though I am instructing you on an accounting of profits, this should not be taken to mean that I believe that Defendants are liable for the claims brought or that an accounting is appropriate. These are issues for you to resolve under the instructions I have given you. I am instructing you on an accounting of profits only so that you will have guidance should you decide that Plaintiff is entitled to recover.

To determine whether an award of profits is appropriate, you may consider the following issues:

1. whether Defendants had the intent to confuse or deceive;
2. whether sales have been diverted from Mary Kay;
3. the adequacy of other remedies;
4. any unreasonable delay by Mary Kay in asserting its rights;
5. the public interest in making the conduct unprofitable;
6. whether this is a case of palming off. Palming off occurs when one party misrepresents his goods as those of another when they are not.

Do you find from a preponderance of the evidence that Mary Kay is entitled to an accounting of Defendants' profits?

Answer "Yes" or "No": _____

_____

Source: *Quick Technologies, Inc. v. Sage Group, PLC,* 313 F.3d 338, 349 (5th Cir. 2002), *cert. denied,* 540 U.S. 814, 124 S. Ct. 66, 157 L.Ed.2d 29 (2003); *McArdle v. Mattel, Inc.*, 456 F.Supp. 2d 769, 783 (E.D. Tex. 2006); *American Rice, Inc. v. Producers Rice Mill, Inc.,* 518 F.3d 321,338 (5th Cir. 2008); Fifth Circuit Pattern Jury Instructions – Civil (2006)(adopted from instruction 9.7)

_____

Given          _____

Modified       _____

Refused        _____

Withdrawn      _____

                                                            _____
                                                            JUDGE PRESIDING

# **PROPOSED QUESTION NO. 7**
Damages – Accounting of Profits

If you answered "yes" to Question No. 6 then answer this question. Otherwise, do not answer this question.

What amount, if any, of Defendants' profits do you find from a preponderance of the evidence are attributable to their conduct that should be awarded to Mary Kay in damages?

Answer in dollars and cents, if any: _____

_____

Source: *Quick Technologies, Inc. v. Sage Group, PLC,* 313 F.3d 338, 349 (5th Cir. 2002), *cert. denied,* 540 U.S. 814, 124 S. Ct. 66, 157 L.Ed.2d 29 (2003)

_____


Given         _____

Modified      _____

Refused       _____

Withdrawn     _____


_____
JUDGE PRESIDING