IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY KAY INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-00776-G |
| | § | |
| AMY L. WEBER, SCOTT J. WEBER, | § | |
| and TOUCH OF PINK COSMETICS, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF MARY KAY INC.'S PROPOSED JURY INSTRUCTIONS

Plaintiff Mary Kay Inc. ("Mary Kay" or "Plaintiff") submits the following proposed jury instructions and interrogatories. In submitting these proposed instructions and interrogatories, Mary Kay reserves the right to alter, amend, add or delete instructions or interrogatories as necessary or appropriate to conform to the evidence and ultimate issues at trial, and in response to any proposed instructions or interrogatories submitted by Defendants Amy L. Weber, Scott J. Weber, and Touch of Pink Cosmetics.

## I.    INSTRUCTIONS BEFORE OPENING STATEMENTS

**Proposed Instruction No. 1**

### PRELIMINARY INSTRUCTIONS

**MEMBERS OF THE JURY:**

You have now been sworn as the jury to try this case.  As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure.  From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement.  Opening statements are intended to assist you in understanding the evidence.  What the lawyers say is not evidence.

After the opening statements, the plaintiff will call witnesses and present evidence.  Then, the defendant will have an opportunity to call witnesses and present evidence.  After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence.  After all the evidence is completed, the lawyers will again address you to make final arguments.  Then I will instruct you on the applicable law.  You will then retire to deliberate on a verdict.

Keep an open mind during the trial.  Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

If you would like to take notes during the trial, you may do so.  If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony.  Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes.  If

you do not take notes, rely on your own independent memory of the testimony.  Do not be unduly influenced by the notes of other jurors.  A juror's notes are not entitled to any greater weight than the-recollection of each juror concerning the testimony.  Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations.  On the other hand, any exhibits will be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence.  Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case.  If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately.  Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them.  It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case.  You are to be guided solely by what you see and hear in this trial.  Do not learn anything about the case from any other source.  In particular, do not read any newspaper account of this trial or listen to any radio or television newscast concerning it.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence.  I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

During the trial, you may hear the lawyers make objections.  It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the

attorney believes is not properly admissible.  You should not draw any inference against an attorney or his client because the attorney has made objections.

If an objection to a question addressed to a witness, or to the introduction of any other evidence, is sustained you must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if the witness was permitted to answer.  The fact that testimony or other evidence to allowed to be introduced over the objection of any attorney, does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

---

Source:        Fifth Circuit Pattern Jury Instructions – Civil (2006), § 1.1, modified (Preliminary Instructions).

The above and foregoing Proposed Jury Instruction was duly and reasonably requested by Plaintiff Mary Kay Inc. and presented to the Court and it is hereby:

_____        Given as Requested

_____        Refused

_____        Modified and Given as Described

_____
JUDGE PRESIDING

---

**Proposed Instruction No. 2**

## SUMMARY OF CONTENTIONS

To help you follow the evidence, I will now give you a summary of the positions of the parties.

The parties in this case are the plaintiff, Mary Kay Inc. ("Mary Kay" or "Plaintiff") and the defendants, Amy Weber, Scott Weber and Touch of Pink Cosmetics ("Defendants").

Mary Kay filed suit in this court against the defendants, Amy Weber, Scott Weber and Touch of Pink Cosmetics alleging that they wrongfully used Mary Kay's trademarks without Mary Kay's permission. Mary Kay also alleged that they sold their own products by passing them off as Mary Kay products.

Amy Weber, Scott Weber and Touch of Pink Cosmetics deny Mary Kay's allegations and assert several defenses. In particular they contend that they are merely reselling genuine Mary Kay products and that they are only using Mary Kay's trademarks to describe the goods they are selling.

Your job will be to decide whether or not Amy Weber, Scott Weber and Touch of Pink Cosmetics have engaged in trademark infringement, unfair competition and/or passing off.

You will also be asked to decide any money damages to be awarded to Mary as compensation. You will also need to make a finding as to whether the trademark infringement was willful. If you decide that the trademark infringement was willful, that decision should not affect any damage award you give. I will take willfulness into account later.

---

The above and foregoing Proposed Jury Instruction was duly and reasonably requested by Plaintiff Mary Kay Inc. and presented to the Court and it is hereby:

_____     Given as Requested

_____     Refused

_____     Modified and Given as Described

_____

JUDGE PRESIDING

## II.   INSTRUCTIONS BEFORE CLOSING ARGUMENTS

**Proposed Instruction No. 3**

### GENERAL INSTRUCTIONS

#### *Introduction*

Now that you have heard the evidence, it is my duty to instruct you as to the law that is applicable to this case. I will instruct you on the law that you should apply in answering certain questions of fact, which I will read to you in a few moments.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.  After the attorneys make their closing arguments, I will give you some additional instructions, after which you will retire to commence your deliberations.

In arriving at your verdict, it is your duty to follow the rules of law which I give to you and find the facts of this case from the evidence introduced at trial and in accordance with these rules of law. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  Do not let bias, prejudice, or sympathy play any part in your deliberations.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.  Your answers and verdict must be unanimous.

### Burden of Proof

You must answer all questions using a preponderance of the evidence standard.  By this I mean that the greater weight and degree of credible evidence before you.  In other words, when applying the preponderance of the evidence standard, you must determine if the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

### Witness Testimony

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

### Evidence

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of

common experience.   In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case.   One is direct evidence-such as testimony of an eyewitness.   The other is indirect or circumstantial evidence-the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.   As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

### Expert Witnesses

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field – he is called an expert witness – is permitted to state his opinion on those technical matters.   However, you are not required to accept that opinion.   As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the evidence of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

*Deposition Testimony*

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned the witness under oath. A court reporter was present and recorded the testimony. The questions and answers were presented to you. This deposition testimony is entitled to the same consideration and weighed and otherwise considered by you insofar as possible in the same was as if the witness had been present and had testified from the witness stand in court.

*Notes*

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

Source:     Fifth Circuit Pattern Jury Instructions – Civil (2006), § 3.1, modified

The above and foregoing Proposed Jury Instruction was duly and reasonably requested by Plaintiff Mary Kay Inc. and presented to the Court and it is hereby:

_____          Given as Requested

_____          Refused

_____          Modified and Given as Described


_____
JUDGE PRESIDING

## III.    INSTRUCTIONS ON MARY KAY'S CAUSES OF ACTION

**Proposed Instruction No. 4**

### MARY KAY'S REGISTERED TRADEMARKS

The Plaintiff, Mary Kay, and the Defendants, Amy Weber, Scott Weber and Touch of Pink Cosmetics, have agreed, or stipulated, that following words and letters are registered trademarks, and that Mary Kay Inc. is the registered owner of these trademarks. This means that both sides agree that this is a fact. You must therefore treat this fact as having been proved. For convenience I will refer to these five trademarks as "the Mary Kay's trademarks."

"Mary Kay," "MK Signature," "Timewise," "Velocity" and "MK"

---

Source:        Source: Fifth Circuit Pattern Jury Instructions – Civil (2006), § 2.3, modified (Stipulations of Fact).

The above and foregoing Proposed Jury Instruction was duly and reasonably requested by Plaintiff Mary Kay Inc. and presented to the Court and it is hereby:

_____        Given as Requested

_____        Refused

_____        Modified and Given as Described


_____
                            JUDGE PRESIDING

Proposed Instruction No. 5

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETION

The Plaintiff, Mary Kay, contends that the Defendants, Amy Weber, Scott Weber and Touch of Pink Cosmetics, have infringed the Mary Kay trademarks and engaged in unfair competition in connection with the sale and advertising of products on their website http://www.touchofpinkcosmetics.com.

To prove its claims of trademark infringement and unfair competition, Mary Kay must show by a preponderance of the evidence that the Defendants, Amy Weber, Scott Weber and Touch of Pink Cosmetics, have used in commerce a copy or colorable imitation of one or more of the Mary Kay trademarks, in connection with the sale, offering for sale, distribution, or advertising of a product in a manner that is likely to cause confusion, to cause mistake or to deceive.

The confusion may result from a mistaken impression by customers or potential customers that the Defendants are affiliated with, connected to, or associated with Mary Kay, or that Mary Kay has sponsored or approved the Defendants' commercial activities.

Actual confusion, mistake or deception need not be proven by Mary Kay. Rather, Plaintiff Mary Kay is required to prove only a *likelihood* of confusion, mistake or deception.

---

Source:      Fifth Circuit Pattern Jury Instructions – Civil (2006), § 159.20 (Infringement of Registered Trademarks), § 159.21 (Infringement of Unregistered Trademarks).

Authorities:  15 U.S.C. §§ 1114(1)(a); 1125(a)(1)(A); *Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, __ F.3d __, No. 07-30580, 07-30887, 2008 WL 4981326, at *16 (5th Cir.); *Scott Fetzer Co. v. House of Vacuums, Inc.*, 381 F.3d 477, 484 (5th Cir. 2004).

The above and foregoing Proposed Jury Instruction was duly and reasonably requested by Plaintiff Mary Kay Inc. and presented to the Court and it is hereby:

_____        Given as Requested

_____        Refused

_____        Modified and Given as Described


_____
                    JUDGE PRESIDING

**Proposed Instruction No. 6**

## STRENGTH AND DISTINCTIVENESS OF TRADEMARKS

Trademarks have traditionally been arranged into four categories of generally increasing distinctiveness: (l) generic, (2) descriptive, (3) suggestive; and (4) arbitrary/fanciful. This hierarchy determines the strength of the trademark, which as you will see is a factor in deciding upon likelihood of confusion.

The parties have agreed, or stipulated, that the Mary Kay trademarks are arbitrary, and therefore very distinctive and strong. This means that both sides agree that this is a fact.

---

Source:         Fifth Circuit Pattern Jury Instructions – Civil (2006), § 2.3 (Stipulations of Fact).

Authorities:    *Two Pesos Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 768 (1992) (citing *Abercrombie & Fitch Co. v. Hunting World, Inc.,* 537 F.2d 4, 9 (2d Cir. 1976).); *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 460, n. 7 (5th Cir. 2003)

The above and foregoing Proposed Jury Instruction was duly and reasonably requested by Plaintiff Mary Kay Inc. and presented to the Court and it is hereby:

_____         Given as Requested

_____         Refused

_____         Modified and Given as Described


_____
JUDGE PRESIDING

---

**Proposed Instruction No. 7**

**LIKELIHOOD OF CONFUSION**

In determining whether Defendants' use of one or more of the Mary Kay trademarks is likely to cause confusion, or to cause mistake or deceive, you may draw on common sense and experience. In addition to the general knowledge you have acquired throughout your lifetime, you should also consider the factors listed below, remembering that no one factor or consideration is conclusive.

(1) The distinctiveness or strength of the Mary Kay trademarks (the stronger the mark, the more likely is confusion; the weaker the mark, the less likely is confusion).

(2) The degree of similarity or dissimilarity between the Mary Kay trademarks and any trademark used by Defendants, *i.e.*, whether the trademarks used by the respective parties create the same overall impression in their commercial context (the greater the similarity, the more likely is confusion; the greater the dissimilarity, the less likely is confusion).

(3) The similarity or dissimilarity of the parties' products (the greater the similarity, the more likely is confusion; the greater the dissimilarity, the less likely is confusion).

(4) The similarity or dissimilarity of the parties' retail outlets and purchasers (the greater the similarity, the more likely is confusion; the greater the dissimilarity, the less likely is confusion).

(5) The similarity or dissimilarity of the parties' advertising media (the greater the similarity, the more likely is confusion; the greater the dissimilarity, the less likely is confusion).

(6) The Defendants' intent, *i.e.* whether they intended to benefit from a perceived affiliation with Mary Kay (the existence of such intent is an indication of the likelihood of confusion; the absence of such intent or the existence of good faith, means that this factor is not relevant to the likelihood of confusion).

(7) The extent of actual confusion, if any. In cases of alleged actual confusion, you may consider the context of such actual confusion in determining what weight to give it, including, but not limited to, the care exercised by the allegedly confused person, and the number of confused persons in light of the number of contacts received by the parties. Although proof of actual confusion is not required to prove a claim of trademark infringement, it is the best evidence of likelihood of confusion.

(8) The existence and extent of uses of similar marks by third parties. The greater the number of similar trademarks already in use on different kinds of goods, the less is the likelihood of confusion. Mary Kay is not obligated to bring suit against all third parties who it believes may be using marks infringing its marks. Although extensive third-party usage of a mark may weaken a mark, such usage does not itself eliminate the mark's ability to be protected. In this regard, a mark which is relatively weak in the overall market for all goods and services can nonetheless be strong enough to make confusion likely when a defendant uses a similar mark in the same general line of business.

Mary Kay need not prove all, or even a majority of, the above factors.

In light of these factors and your common experience, you must determine if consumers, neither overly careful nor overly careless, would be confused as to the origin of the Defendants' products upon encountering one or more of the Mary Kay trademarks in the Defendants'

advertising, or would be confused by the Defendants' use of one or more of the Mary Kay trademarks as to an affiliation, connection or association between the Defendants and Mary Kay, or as to the sponsorship or approval of the Defendants' commercial activities by Mary Kay.

---

Source:           Federal Jury Practice and Instructions (5th ed.) § 159.25, modified, *Quick Technologies, Inc. v. The Sage Group, PLC*, CV 3:98-CV-1218-M (N.D. Tex.) (Doc. # 195 Court's Charge to the Jury), modified;

Authorities:   *Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, __ F.3d __, No. 07-30580, 07-30887, 2008 WL 4981326, at *7 (5th Cir.); *Scott Fetzer Co. v. House of Vacuums, Inc.*, 381 F.3d 477, 484 (5th Cir. 2004).

The above and foregoing Proposed Jury Instruction was duly and reasonably requested by Plaintiff Mary Kay Inc. and presented to the Court and it is hereby:

_____          Given as Requested

_____          Refused

_____          Modified and Given as Described


                                                        _____
                                                        JUDGE PRESIDING

Proposed Instruction No. 9

## PASSING OFF

In addition to its trademark infringement and unfair competition claims, Mary Kay also seeks damages from the Defendants for "passing off."

Passing off occurs when a business falsely represents that the goods it sells are those of a competitor. A business engages in passing off when it sells its goods by using words or other symbols that tend to falsely describe or represent the origin of its products or that its products are those of a competitor. To determine whether the Defendants engaged in passing off, you should determine whether the Defendants intended to derive a benefit from Mary Kay's reputation or goodwill. You may consider any difference in each party's reputation and notoriety with consumers; the extent to which Mary Kay's trademarks are known to consumers; and whether the Defendants benefited financially from their alleged use of Mary Kay's trademarks or if the Defendants would have sold a comparable amount of goods under another name.

---

Source:     *Roho, Inc. v. Marquis*, 902 F.2d 356, 359 (5th Cir. 1990) (noting that palming off "involves selling one's goods under the name of a competitor"); *see also Sicilia Di R. Biebow & Co.*, 732 F.2d at 431 (using the terms "passing off" and "palming off" interchangeably); *id.* (citing *Armco, Inc.*, 693 F.2d at 1159; *Chevron Chem. Co. v. Voluntary Purchasing Groups, Inc.*, 659 F.2d 695 (5th Cir. 1981)) ("The proper focus [when examining a claim of passing off] is whether defendant had the intent to drive benefit from the reputation or goodwill of plaintiff."); *Tex. Pig Stands, Inc. v. Hard Rock Café Int'l, Inc.*, 951 F.2d 684, 695-96 (5th Cir. 1992)

The above and foregoing Proposed Jury Instruction was duly and reasonably requested by Plaintiff Mary Kay Inc. and presented to the Court and it is hereby:

_____     Given as Requested

_____     Refused

_____     Modified and Given as Described


_____

JUDGE PRESIDING

**Proposed Instruction No. 10**

## WILLFULNESS

If you find that the Defendants infringed one or more of the Mary Kay trademarks, you may also decide whether the Defendants' use of Mary Kay's trademark was "willful."

You may find that the Defendants use of Mary Kay's trademark was willful if you determine that the Defendants used one or more of the Mary Kay's trademarks voluntarily and intentionally and with the specific intent to cause confusion, to cause mistake, or to deceive.

Authorities:   *Quick Tech ., Inc. v. The Sage Group PLC*, 313 F.3d 338 n. 6, 9 (5th Cir. 2002) (citing *Pebble Beach Co.*, 155 F.3d at 554).

The above and foregoing Proposed Jury Instruction was duly and reasonably requested by Plaintiff Mary Kay Inc. and presented to the Court and it is hereby:

_____        Given as Requested

_____        Refused

_____        Modified and Given as Described

_____
JUDGE PRESIDING

**Proposed Instruction No. 11**

## DEFENDANTS' PROFITS

If you find that the Defendants Amy Weber, Scott Weber and Touch of Pink Cosmetics have infringed one or more of the Mary Kay trademarks, you must determine whether it is appropriate to award Mary Kay the profits earned by the Defendants that are attributable to the infringement.

In order to determine whether an award of the Defendants' profits is appropriate you should to consider the following factors:

(1) whether the defendant had the intent to confuse or deceive,

(2) whether sales have been diverted,

(3) the adequacy of other remedies,

(4) any unreasonable delay by the plaintiff in asserting his rights,

(5) the public interest in making the misconduct unprofitable, and

(6) whether it is a case of palming off, that is falsely representing that one person's product is made by another.

The amount of the Defendants' profit is determined by deducting all allowable expenses from gross revenue.

Gross revenue is all of defendant's receipts from the use of the Mary Kay's trademarks in the Defendants advertising and sales of products. Mary Kay has the burden of proving the Defendants' gross revenue by a preponderance of the evidence.

Allowable expenses are all operating and production costs incurred in producing the gross revenue. The Defendants have the burden of proving the allowable expenses and the

portion of the profit attributable to factors other than trademark infringement by a preponderance of the evidence.

Unless you find that a portion of the Defendants' profits is attributable to factors other than trademark infringement, you must find that the total profit is attributable to the infringement.

---

Source:        Ninth Circuit Model Jury Instructions, 15.26, modified (available at
               http://207.41.19.15/web/sdocuments.nsf/civ).

Authorities:   15 U.S.C. § 1117; *Quick Technologies, Inc. v. The Sage Group, PLC*, 313 F.3d
               338, 348-349 (2002) *American Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d
               321, 327 (5th Cir. 1998).

The above and foregoing Proposed Jury Instruction was duly and reasonably requested by
Plaintiff Mary Kay Inc. and presented to the Court and it is hereby:

_____        Given as Requested

_____        Refused

_____        Modified and Given as Described


                                          _____

                                          JUDGE PRESIDING

---

## IV.   POST-ARGUMENT INSTRUCTIONS

You are the sole and exclusive judges of the facts. You should determine these facts without any bias, prejudice, sympathy, fear, or favor, and this determination should be made from a fair consideration of all the evidence that you have seen and heard in this trial. Do not speculate on matters that are not in evidence. Keep constantly in mind that it would be a violation of your sworn duty to base a verdict on anything but the evidence in the case. Your answers and verdict must be unanimous; that is, all of you must agree to each of your answers. It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if the discussion persuades you that you should. But do not come to a decision simply because the other jurors think it is right. You will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

You will now retire to the jury room. In a few minutes I will send to you this charge and the exhibits the Court has admitted into evidence, upon which you should select your presiding juror and commence your deliberations.

If during the course of your deliberations you wish to communicate with the Court, you should do so only in writing by a note signed by the presiding juror. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can

address you orally. I caution you, however, with respect to any message or question you might send, that you should never state or specify your numerical division at the time.

During your deliberations you will set your own work schedule, deciding for yourselves when and how frequently you wish to recess and for how long.

After you have reached your verdict, you will return this charge together with your written answers to the foregoing questions. Do not reveal your answers to anyone besides other members of the jury until such time as you are discharged, unless otherwise directed by me.

Your presiding juror will sign in the space provided on the following page after you have reached your verdict.

_____

Source:        *Quick Technologies, Inc. v. The Sage Group, PLC*, CV 3:98-CV-1218-M (N.D. Tex.) (Doc. # 195 Court's Charge to the Jury).

The above and foregoing Proposed Jury Instruction was duly and reasonably requested by Plaintiff Mary Kay Inc. and presented to the Court and it is hereby:

_____        Given as Requested

_____        Refused

_____        Modified and Given as Described


                                    _____

                                    JUDGE PRESIDING

## VERDICT FORM

## QUESTION NO. 1:

Has Mary Kay proven by a preponderance of the evidence that Amy Weber, Scott Weber and/or Touch of Pink Cosmetics, used in commerce one or more of the Mary Kay trademarks in connection with the sale, offering for sale, distribution, or advertising of a product in a manner which is likely to cause confusion, to cause mistake or to deceive?

Please circle one answer for each defendant:

| | | |
|---|---|---|
| Amy Weber | Yes | No |
| Scott Weber | Yes | No |
| Touch of Pink Cosmetics | Yes | No |

---

Source:       *Quick Technologies, Inc. v. The Sage Group, PLC*, CV 3:98-CV-1218-M (N.D. Tex.) (Doc. # 195 Court's Charge to the Jury), modified.

Authorities:   15 U.S.C. § 1114.

The above and foregoing Proposed Jury Instruction was duly and reasonably requested by Plaintiff Mary Kay Inc. and presented to the Court and it is hereby:

_____     Given as Requested

_____     Refused

_____     Modified and Given as Described

_____

JUDGE PRESIDING

If you answered Questions No. 1 "Yes" as to one or more of the Defendants, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 2:

Has Mary Kay proven by a preponderance of the evidence that Amy L. Weber, Scott J. Weber, and/or Touch of Pink Cosmetics used one or more of the Mary Kay's trademarks voluntarily and intentionally and with the specific intent to cause confusion, to cause mistake, or to deceive?

Please circle one answer for each defendant:

| | | |
|---|---|---|
| Amy Weber | Yes | No |
| Scott Weber | Yes | No |
| Touch of Pink Cosmetics | Yes | No |

---

Authorities:    *Quick Tech ., Inc. v. The Sage Group PLC*, 313 F.3d 338 n. 6, 9 (5th Cir. 2002)
(citing *Pebble Beach Co.*, 155 F.3d at 554).

The above and foregoing Proposed Jury Instruction was duly and reasonably requested by Plaintiff Mary Kay Inc. and presented to the Court and it is hereby:

_____        Given as Requested

_____        Refused

_____        Modified and Given as Described

_____
JUDGE PRESIDING

If you answered Questions No. 1 "Yes" as to one or more of the Defendants, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 3:

What sum of money, if paid now in cash, equals the amount of profit, if any, the Defendants Amy L. Weber, Scott J. Weber, and Touch of Pink Cosmetics earned from their unauthorized use of Mary Kay's trademark(s)?

Do not add any amount for interest on profits, if any.

Answer separately in dollars and cents for damages, if any.


Answer: _____


The above and foregoing Proposed Jury Instruction was duly and reasonably requested by Plaintiff Mary Kay Inc. and presented to the Court and it is hereby:

_____   Given as Requested

_____   Refused

_____   Modified and Given as Described


_____
JUDGE PRESIDING

**QUESTION NO. 4**:

Did Plaintiff Mary Kay Inc. prove, by a preponderance of the evidence, that the Defendants Amy L. Weber, Scott J. Weber, and Touch of Pink Cosmetics engaged in passing off by using Mary Kay's reputation or goodwill to sell products not manufactured or marketed by Mary Kay?

Please circle one answer for each defendant:

| | | |
|---|---|---|
| Amy Weber | Yes | No |
| Scott Weber | Yes | No |
| Touch of Pink Cosmetics | Yes | No |

---

The above and foregoing Proposed Jury Instruction was duly and reasonably requested by Plaintiff Mary Kay Inc. and presented to the Court and it is hereby:

_____    Given as Requested

_____    Refused

_____    Modified and Given as Described

_____
JUDGE PRESIDING

If you answered Questions No. 4 "Yes" as to one or more of the Defendants, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 5:

Has Mary Kay proven by a preponderance of the evidence that Amy L. Weber, Scott J. Weber, and/or Touch of Pink Cosmetics engaged in passing off voluntarily and intentionally and with the specific intent to cause confusion, to cause mistake, or to deceive?

Please circle one answer for each defendant:

| | | |
|---|---|---|
| Amy Weber | Yes | No |
| Scott Weber | Yes | No |
| Touch of Pink Cosmetics | Yes | No |

---

Authorities:    *Quick Tech ., Inc. v. The Sage Group PLC*, 313 F.3d 338 n. 6, 9 (5th Cir. 2002)
(citing *Pebble Beach Co.*, 155 F.3d at 554).

The above and foregoing Proposed Jury Instruction was duly and reasonably requested by Plaintiff Mary Kay Inc. and presented to the Court and it is hereby:

_____    Given as Requested

_____    Refused

_____    Modified and Given as Described

_____
JUDGE PRESIDING

If you answered Questions No. 4 "Yes" as to one or more of the Defendants, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 5:

What sum of money, if paid now in cash, equals the amount of profit, if any, the Defendants Amy L. Weber, Scott J. Weber, and Touch of Pink Cosmetics earned from passing off of products as those of Mary Kay.

Do not add any amount for interest on profits, if any.

Answer separately in dollars and cents for damages, if any.

Answer: _____

---

The above and foregoing Proposed Jury Instruction was duly and reasonably requested by Plaintiff Mary Kay Inc. and presented to the Court and it is hereby:

_____      Given as Requested

_____      Refused

_____      Modified and Given as Described

_____
JUDGE PRESIDING

## <u>VERDICT OF THE JURY</u>

We, the jury, have answered the above and foregoing questions as indicated, and

Herewith return the same to the Court as our verdict.

DATED:  March _____, 2009

_____
PRESIDING JUROR

Dated: February 23, 2009     Respectfully submitted,

> /s/ John T. Cox III
> John T. Cox III
> Texas Bar No. 24003722
> tcox@lynnllp.com
> Jeffrey M. Tillotson, P.C.
> Texas Bar No. 20039200
> jmt@lynnllp.com
> Christopher J. Schwegmann
> Texas Bar No. 24036724
> cschwegmann@lynnllp.com
>
> **LYNN TILLOTSON PINKER & COX, LLP**
> 750 N. St. Paul Street, Suite 1400
> Dallas, Texas 75201
> (214) 981-3800 Telephone
> (214) 981-3839 Facsimile
>
> **ATTORNEYS FOR MARY KAY INC.**

## CERTIFICATE OF SERVICE

I certify that on February 23, 2009, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record, who have consented in writing to accept this Notice as service of this document by electronic means:

> Elizann Carroll, Esq.
> RICHARD LAW GROUP, INC.
> 8411 Preston Road, Suite 890
> Dallas, Texas  75225

> /s/ Chris Schwegmann
> Christopher J. Schwegmann