UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY KAY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:08-CV-0776-G |
| AMY L. WEBER, ET AL., | ) | |
| | ) | **ECF** |
| Defendants. | ) | |

**PERMANENT INJUNCTION**

Based on the findings of this court as set forth in its memorandum opinion and order dated September 29, 2009, the court orders that the plaintiff, Mary Kay, Inc. ("Mary Kay"), is entitled to permanent injunctive relief as follows:

(1) The defendants, Amy L. Weber, Scott J. Weber, and Touch of Pink Cosmetics ("the Webers" or "the defendants") shall not promote, advertise, offer for sale, sell, or otherwise distribute any product originally manufactured by Mary Kay using the names "Touch of Pink Cosmetics" or "MaryKay1Stop."

(2) The defendants shall not promote, advertise, offer for sale, sell, or otherwise distribute any product originally manufactured by Mary Kay that is beyond its shelf life or expiration date.

(3)  The defendants shall not use Mary Kay's trademarks in any advertising, newsletters, or coupons except to inform consumers that the defendants, as an entity entirely separate from and without authorization from Mary Kay, offer Mary Kay products for sale. Any reference made to Mary Kay must be immediately surrounded by language disclaiming any affiliation with, sponsorship by, or endorsement by Mary Kay.

(4)  The defendants shall not offer for sale any Mary Kay catalogs.

(5)  The defendants shall not use any "Section 2" Mary Kay items in such a way that would lead consumers to believe that the defendants are Mary Kay, or are affiliated with, sponsored by, or endorsed by Mary Kay.

(6)  The defendants shall not use any portion of Mary Kay's product descriptions to describe the products for sale on the defendants' website.

(7)  The defendants shall not represent to consumers that products not currently in the defendant's inventory are on "backorder."

(8)  The defendants shall not represent to consumers that if they "need products that have future expiration dates" they should "contact [their] Mary Kay consultant to purchase those products."

(9)  The defendants shall not represent to consumers that the defendants offer an outlet through which Independent Beauty Consultants can dispose of their slow moving product.

(10) The defendants shall not represent to consumers that Amy L. Weber, or any Touch of Pink employee, is a current or former Independent Beauty Consultant.

(11) The defendants shall not represent to consumers that Touch of Pink has been established by former Mary Kay consultants who are assisting consultants liquidate their inventory.

(12) The defendants shall not represent to consumers that Touch of Pink provides a place for consultants and consumers to locate hard to find and retired product, or even new Mary Kay items at a great discount.

(13) The defendants shall not represent to consumers and Independent Beauty Consultants that "if your product is less than 12 months old, you can send them back to Mary Kay Inc. for 90% of wholesale."

(14) The defendants shall not represent to consumers that Touch of Pink is a "one stop shop" for all of a consumer's Mary Kay needs.

(15) The defendants shall not represent to consumers that Touch of Pink carries authentic products from former consultants that have never been tested or used.

(16) The defendants shall not use Mary Kay's marks in any other manner likely to cause confusion regarding Mary Kay's sponsorship of or affiliation with the defendant's future business.

(17) The defendants shall place disclaimers in prominent locations on all published materials, including but not limited to each page of any website or eBay site on which they offer to buy or sell Mary Kay products, on all emails relating to such business, on newsletters or any other materials sent to or available to the public.  These disclaimers shall state that the defendants are not affiliated with, or sponsored or approved by Mary Kay.

(18) The defendants shall prominently and conspicuously distinguish Mary Kay products from non-Mary Kay products that may be offered for sale on any internet site

      operated by the Webers or any person in active concert or participation with them.

(19)    The defendants shall state on all internet sites they operate which offer Mary Kay products for sale that Mary Kay is a registered trademark of Mary Kay, Inc.

The defendants shall have 30 days from the entry of final judgment to comply with the provisions of this injunction.

    **SO ORDERED**.

September 29, 2009.

*[signature: A. Joe Fish]*

**A. JOE FISH**
**Senior United States District Judge**